

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHAWN MACKEY                                                              PLAINTIFF

VS.                                                    CAUSE NO. 3:23-cv-233-DPJ-FKB

JOHN PIGOTT, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, CHERYL THURMOND,
IN HER INDIVIDUAL AND OFFICIAL CAPACITIES,
VIDET CARMICHAEL, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, DONNIE CAUGHMAN, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, BUBBA
HUDSPETH, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, DOLLY MARASCALCO, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES, JOHNNY MCRIGHT, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, LUKE
MONTGOMERY, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, WILL SYMMES, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, DIANNE WATSON, IN HER
INDIVIDUAL AND OFFICIAL CAPACITIES, AND THE
MISSISSIPPI COMMUNITY COLEGE BOARD                                       DEFENDANTS

## COMPLAINT
### (Jury Trial Demanded)

**COMES NOW,** Plaintiff Dr. Shawn Mackey, by and through his undersigned counsel and files this civil action for equitable and prospective relief and damages resulting from employment discrimination on the basis of his race in violation of Title 42 U.S.C. § 1981 and ("Section 1981") and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983. The Plaintiff submits the following in support thereof:

### I. JURISDICTION AND VENUE

1.    This Court has original jurisdiction over the claims in this case pursuant to 28 U.S.C. § 1331, as the causes of action arise under laws of the United States.

2. Venue is proper under Title 28 U.S.C. §§ 1391 (b), as a substantial part of the events giving rise to the claim occurred in the Southern District of Mississippi. The Plaintiff also invokes the pendent jurisdiction of this court to address all issues arising under state law.

## II. PARTIES

3. Plaintiff, Dr. Shawn Mackey ("Mackey"), is an adult African American citizen of the United States, residing at 82 Woodland Hills Boulevard, Madison, Mississippi 39110.

4. Defendant John Pigott ("Pigott") is the Chair and presiding officer of the Mississippi Community College Board (hereinafter, also, "MCCB"). He is a white male. Pigott is being sued in his individual and official capacities. He may be served with process of this Court wherever he may be found.

5. Defendant Cheryl Thurmond ("Thurmond") is a member of the MCCB. She is a white female. Thurmond is being sued in her individual and official capacities. She may be served with process of this Court wherever she may be found.

6. Defendant Videt Carmichael ("Carmichael") is a member of the MCCB. He is a white male. Carmichael is being sued in his individual and official capacities. He may be served with process of this Court wherever he may be found.

7. Defendant Donnie Caughman ("Caughman") is a member of the MCCB. He is a white male. Caughman is being sued in his individual and official capacities. He may be served with process of this Court wherever he may be found.

8. Defendant Bubba Hudspeth ("Hudspeth") is a member of the MCCB. He is a white male. Hudspeth is being sued in his individual and official capacities. He may be served with process of this Court wherever he may be found.

9. Defendant Dolly Marascalco ("Marascalco") is a member of the MCCB. She is a white female. Marascalco is being sued in her individual and official capacities. She may be served with process of this Court wherever she may be found.

10. Defendant Johnny McRight ("McRight") is a member of the MCCB. He is a white male. McRight is being sued in his individual and official capacities. He may be served with process of this Court wherever he may be found.

11. Defendant Luke Montgomery ("Montgomery") is a member of the MCCB. He is a white male. Montgomery is being sued in his individual and official capacities. He may be served with process of this Court wherever he may be found.

12. Defendant Will Symmes ("Symmes") is a member of the MCCB. He is a white male. Symmes is being sued in his individual and official capacities. He may be served with process of this Court wherever he may be found.

13. Defendant Dianne Watson ("Watson") is a member of the MCCB. She is a white female. Watson is being sued in her individual and official capacities. She may be served with process of this Court wherever she may be found.

14. The Mississippi Community College Board ("MCCB") is a state agency. MCCB may be served with process of this Court by service on Lynn Fitch, Attorney General of Mississippi, at 450 High Street, Jackson, Mississippi.

### III. STATEMENT OF FACTS

15. The MCCB is an agency established by the State of Mississippi to receive and distribute funds for the use of her system of fifteen public community colleges.

16. The MCCB consists of ten (10) members: John Pigott, Cheryl Thurmond, Videt Carmichael, Donnie Caughman, Bubba Hudspeth, Dolly Marascalco, Johnny McRight, Luke

Montgomery, Will Symmes, and Dr. Dianne Watson (collectively, "the Board"). The Board coordinates the functions of 15 independent community colleges. It is vested with the power to name an Executive Director for the MCCB, who serves at the pleasure of the board. Each of MCCB's ten board members is white.

17. The Board is the final policy maker for MCCB. The Board's single decision of hiring a less qualified white was the moving force behind the violations of Mackey's constitutional and statutory rights.

18. Mackey, who is African American, has been an employee of the MCCB since 2007. Mackey has provided exemplary service to the agency during his tenure. Mackey has served in executive leadership positions during most of the sixteen (16) years of his employment with the agency. Mackey presently serves as the Deputy Executive Director for Accountability. He has held the following roles with the MCCB: Program Specialist; Director of Career and Technical Education; Associative Executive Director for Workforce, Career and Technical Education; and Deputy Executive Director for Programs and Accountability. Mackey has a Doctorate Degree (Ed.D.) in Higher Education Administration from the University of Memphis and a Master's Degree (M.Ed.) in Social Science Education from Delta State University. He has supervised every department within the agency, except for the finance division. He was, however, required to work very closely with the finance division to administer its department budgets. Mackey also served as a senior administrator at Coahoma Community College as the Assistant Director of Career and Technical Education. Mackey is well respected by the MCCB staff, community college presidents, elected officials and constituents for his expertise, professionalism, and leadership.

19. Mackey previously was one of the finalists when the MCCB selected Dr. Andrea Mayfield ("Mayfield") as its Executive Director on October 16, 2015. Mayfield was selected to succeed

former Secretary of State Eric Clark ("Clark") (white male) as MCCB's Executive Director. Mayfield is a white female. In its thirty-six-year history, MCCB has never employed an African American Executive Director. Only five African Americans have served as board members of the MCCB during its thirty-six-year history. Each of their terms were independent of the other.

20.   On or about July 16, 2021, Mayfield resigned from the MCCB as Executive Director. Mayfield's resignation created an opening for the agency's Executive Director position.

21.   That same day, the Board appointed Kell Smith ("Smith") to be the Interim Executive Director for the MCCB. Smith is a white male. He formerly worked as the Director of Communications and Legislative Services, the only position for the agency he had held since 2008. Smith did not have a doctoral degree or any postdoctoral educational experience, had never worked in higher education or any college environment, had never at the time of his selection, supervised any employees, or served in a leadership position – all of which were the minimum qualifications to serve as the Executive Director.

22.   On or about July 23, 2021, Mackey contacted Pigott, MCCB's Board Chair to request a meeting to discuss his interest in becoming the Executive Director and highlight his qualifications and experience for the job. Defendant Pigott refused to meet with Mackey. Instead, Pigott instructed Mackey to submit a written strategic vision to him. Mackey complied with this directive. Mackey was never contacted by Pigott or any Board member to examine his strategic vision or discuss his being employed as the Executive Director.

23.   The minimum qualifications historically established for candidates interested in the MCCB Executive Director position were as follows:

- An earned doctorate degree from a regionally accredited college or university.
- Significant experience in higher education with a record of achievement.
- Demonstrated progression through the ranks and leadership experience in administration.

- Proficiency in working with federal and state policymakers.
- Evidence of leadership and engagement of others at regional, state, or national levels.
- Solid record of scholarship and academic excellence.

24. The job description established for candidates interested in the MCCB Executive Director position were as follows:

- Maintains an efficient, functional, and professional office for the Board, including the recruiting, hiring, termination, and leadership of Board staff.
- Provides organizational support for all Board activities and reports to the Board on specific assignments and tasks.
- Ensures that the comprehensive records of the Mississippi Community College Board (MCCB), including but not limited to secure Board's Policies and Procedures, Board meeting minutes, and personnel records, are maintained in a manner that is secure and consistent with State law.
- Interprets, implements, and administers all policies, procedures, and guidelines of the Board.
- Serves as the Board's representative before the Legislature and with other governmental entities.
- Provides general leadership to the community college system by identifying trends and issues that have potential impact on the mission and programs of community colleges, informing the Board and the presidents, and developing related policies, where appropriate.
- Serves as the principal liaison for the Board with the Mississippi Association of Community and Junior Colleges and the Mississippi Community College Trustee Association.
- Maintains a strong professional relationship with other state educational entities, including the Mississippi Department of Education and the Institutions of Higher Learning.
- Represents the Mississippi community college system on statewide boards, task forces, and committees, as necessary.
- Maintains a working relationship with national community college system organizations such as the American Association of Community Colleges, the Association of Community College Trustees, and the National Council of State Directors of Community and Junior Colleges.
- Upholds the Mission, Vision, and Core Values of the Mississippi Community College Board.
- Performs other duties as assigned by the Board.

25. At the time of his appointment, Smith only met one of the minimum qualifications for the position – "proficiency in working with federal and state policymakers" – and had not performed

any of the general functions carried out by the MCCB Executive Director. This fact was underscored by Smith himself, who announced to the Board and to colleagues on various occasions that he did not have the knowledge or experience necessary to serve as Executive Director.

26. On or about August 4, 2021, Mackey announced to the Board that he was interested in becoming the permanent Executive Director for the MCCB. Based on the criteria recognized by the Board at that time, he was clearly more qualified than Smith for the position of Executive Director. Mackey submitted several letters of support to the Board attesting to his solid credentials and stellar work history with the agency.

27. Even though Mackey met every qualification for the position and that he had held various roles within the agency, wherein he exhibited adept leadership skills, Mackey was informed that the Board wished to keep the position open.

28. On January 21, 2022, the Board eliminated all the principal qualifications and approved a new criterion for the MCCB Executive Director that significantly reduced the minimum qualifications for the position. Under this new criterion, the Executive Director was only required to have the following qualification: A master's degree in any field, and evidence of experience in administration, leadership, and engagement at regional, state, or national levels.

29. The Board did not begin interviewing potential candidates until approximately 18 months after Smith's interim appointment. In doing so, it left the agency without a qualified and permanent Executive Director while allowing Smith time to shore up his resume to meet the new criterion established by the Board.

30. On January 20, 2023, the MCCB named Kell Smith to serve as the agency's sixth Executive Director. This decision was made unanimously by the Board, despite the fact that Mackey, who was interviewed for the position, was clearly more qualified than Smith. The

Board's decision to hire a white colleague who was clearly less qualified than Mackey raises an inference of discrimination.

31. The Defendants did not contract with Mackey on the same terms it contracted with Smith.

32. As a result, Mackey is entitled to damages from the defendants because the single decision of the final policymaker to hire a less qualified white for the position of Executive Director violates 42 U.S. C. § 1983. Mackey's rights to contract on the same basis as Smith under 42 U.S.C. § 1981 and to be free from race discrimination under the Equal Protection Clause of the United States Constitution were clearly established. The defendants' violation of Mackey's constitutional and statutory rights was objectively unreasonable.

## IV. CAUSE OF ACTION

33. The Defendants treated a white colleague more favorably than the Plaintiff, in the area of promotion and advancement within the agency; and otherwise discriminated against him in the terms and conditions of his employment on the basis of his race in violation of Title 42 U.S.C. § 1981 the Equal Protection Clause of the United States Constitution, through 42 U.S.C. § 1983.

34. On January 20, 2023, Mackey had a clearly established right to be free from racial discrimination and it was objectively unreasonable for the Defendants to select a less qualified white male for the position when Mackey was clearly more qualified than Smith.

## V. CLAIMS FOR RELIEF

**WHEREFORE, PURSUANT TO** Title 42 U.S.C. § 1981(a), Mackey, respectfully demands a trial by jury and prays for a Judgment against the Defendant as follows:

a. Prospective relief, including reinstatement to the position, front pay, and back pay.

b. Actual, compensatory and Incidental Damages in an amount of to be determined by the jury for the embarrassment, humiliation, mental anguish and severe emotion distress, and

loss of employment opportunities he suffered as a direct and proximate result of the conduct of the MCCC's final policy maker.

c. Compensatory damages in the form of emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses as permitted by Sections(s) 102(b)(3) of the Civil Rights Act of 1991;

d. Mackey also seeks attorney's fees pursuant to Title 42 U.S.C. § 1988 and any and all costs associated with this lawsuit.

e. Defendants' actions set forth hereinabove constitute a willful, wanton and reckless disregard for the rights of Mackey to be free from discrimination in employment. The Plaintiff is further entitled to recover liquidated and punitive damages against the defendants in their individual capacities.

f. Plaintiff also seeks such other and further relief as the Court and Jury may deem just and proper under the circumstances as hereinabove set forth.

**RESPECTFULLY SUBMITTED** this, the 4th day of April 2023.

SHAWN MACKEY

BY: *Lisa M. Ross*
Lisa M. Ross (MSB#9755)
Post Office Box 11264
Jackson, MS 39283-1264
Telephone: (601) 981-7900
lross@lmross@law.com

/s/ *Ahmad R. Smith*
Ahmad R. Smith (MSB#104595)
A.R. Smith Law, PLLC
Post Office Box 16392-9998
Jackson, MS 39236
Telephone: (601) 594-5901
ahmad@arsmithlaw.com

**ATTORNEYS FOR
SHAWN MACKEY**