UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHAWN MACKEY                                                                                    PLAINTIFF

V.                                                               CIVIL ACTION NO. 3:23-CV-233-DPJ-ASH

JOHN PIGOTT, ET AL.                                                                          DEFENDANTS

ORDER

Plaintiff Shawn Mackey believes the Mississippi Community College Board (MCCB) and its members did not select him for the Executive Director Position because of his race.[1] Defendants say they had legitimate, nondiscriminatory reasons for their decision and move for summary judgment as to all claims. Having considered the parties' submissions, the Court finds the motion [189] should be granted in part and denied in part.

I.      Background

Stated simply, Mackey is certain that MCCB improperly named Kell Smith as Interim Executive Director in 2021, because Smith did not meet the minimum job requirements or possess the relevant experience. Mackey alleges MCCB changed the job requirements in 2022 to account for Smith's limited background and selected Smith as Executive Director in 2023. Mackey, who is Black and meets the pre-2022 minimum requirements, insists MCCB chose Smith, who is White, based on race.

On November 14, 2023, the Court granted in part and denied in part Defendants' motion to dismiss, leaving Mackey's Title VII claim against MCCB and claims for violating the Equal

---

[1] The members include John Pigott, Cheryl Thurmon, Videt Carmichael, Donnie Caughman, Bubba Hudspeth, Dolly Marascalco, Johnny McRight, Luke Montgomery, Will Symmes, and Dianne Watson. Am. Compl. [44] at 2–3.

Protection Clause and 42 U.S.C. § 1981 by the individual defendants in their official and individual capacities. Order [38]. MCCB and the individual defendants seek summary judgment as to all remaining claims.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute over any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case[] and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

III.    Analysis

　　　　A.    Title VII Claim against MCCB

Mackey insists that MCCB's failure to promote him to Executive Director was motivated by race discrimination. *See* Pl.'s Mem. [198] at 18.[2] Race-discrimination claims under Title VII follow the *McDonnell-Douglas* burden-shifting framework. 411 U.S. 792 (1973). First, Mackey must establish a prima facie case, and MCCB assumes that he can. Defs.' Mem. [190] at 17. Next, MCCB presents a legitimate, nondiscriminatory reason for its decision. MCCB submits "it

---

[2] Mackey conceded that any claims over the selection of Smith for Interim Executive Director or the revision to the job description are barred, as he did not file a timely EEOC charge. Pl.'s Mem. [198] at 18. That said, a jury can arguably consider the employer's conduct throughout the employee's tenure. *See Hollins v. Premier Ford Lincoln Mercury, Inc.*, 766 F. Supp. 2d 736, 753 (N.D. Miss. 2011) (collecting cases) ("While the majority of the above-discussed sex discrimination allegations apparently occurred at least a year prior to Plaintiff's termination, and thus not actionable, such evidence does provide background support for Plaintiff's claim.").

selected a qualified candidate with a long work history at MCCB with a particular ability to smooth the waters with the MCCB staff and community college presidents and an established reputation in dealing with the legislature." *Id.*

Finally, Mackey "must raise a fact issue that proves the proffered reason is pretextual." *Shater v. Shell Oil Co.*, No. 22-20289, 2022 WL 17250190, at *1 (5th Cir. Nov. 28, 2022). "[S]ummary judgment is inappropriate if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that race was a determinative factor in the actions of which plaintiff complains." *Pratt v. City of Houston*, 247 F.3d 601, 606–07 (5th Cir. 2001) (internal quotation marks and citation omitted); *see Matthews v. City of W. Point*, 863 F. Supp. 2d 572, 586 (N.D. Miss. 2012) ("[A] plaintiff asserting a Title VII discrimination claim may utilize the mixed-motive analysis whether she has presented direct or circumstantial evidence of discrimination."); *see also* Pl.'s Mem. [198] at 17 (arguing jurors could conclude "race was a factor in Mackey's non-selection").

Mackey makes essentially three arguments:  1) MCCB gave inconsistent reasons for its decision in its summary-judgment motion and EEOC response;[3] 2) Mackey was clearly better qualified than Smith; and 3) an email from Defendant McRight implies the position qualifications were altered to suit Smith's background.[4]  Pl.'s Resp. [198] at 23–26.

---

[3] In its EEOC position statement, MCCB explained that "the Board's decision was based on the objective evaluation of Smith's qualifications, interview, and his performance as Interim Executive Director."  EEOC Statement [189-22] at 3–4.

[4] McRight emailed Piggot, stating, "Attached is the Exec Director Job Description including where I highlighted in green the qualities that I feel *our guy* definitely needs to meet and I feel certainly does."  McRight Email [196-2] at 1 (emphasis added).

The Court focuses on the "clearly better qualified" argument and concludes Mackey has highlighted a factual dispute sufficient to overcome the summary-judgment motion. This is an admittedly stiff test. The plaintiff must offer evidence "from which a jury could conclude that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010) (quoting *Deines v. Tex. Dep't of Protective & Regul. Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999)).

Mackey earned a bachelor's degree, a master's degree in social science education, and a doctorate in higher education administration. Mackey Dep. [195-4] at 4–5 (CMECF pagination). After serving as Assistant Director for Career and Technical Education at Coahoma Community College, Mackey joined MCCB in 2007. *Id.* at 5–6. During his tenure at MCCB, he served as Program Specialist; Director of Career and Technical Education; Associate Executive Director of Workforce, Career, and Technical Education; Deputy Executive Director for Programs and Accountability; and Deputy Executive Director for Accountability. *Id.* at 6–8. He has "supervised the entire staff, with the exception of finance." *Id.* at 25; *see id.* at 9 (testifying that he supervised anywhere from one to 28 employees in various positions).

By contrast, Smith earned a bachelor's degree and a master's degree in public policy and administration, Smith App. [196-7] at 2; he does not possess a doctorate. After obtaining his master's degree, Smith worked in the elections division of the Secretary of State's office as a lobbying compliance officer. Smith Dep. [195-5] at 5. He became the Statewide Voter Outreach Coordinator, served as the Interim Public Relations Officer, worked on a congressional campaign as Communication Director, and landed at MCCB in 2008, as a Program Specialist for Communications. *Id.* After two years, Smith became Director of Communications and

4

Legislative Services and served in that position until he was appointed Interim Executive Director. *Id.* at 6.

According to Mackey, Smith "had never supervised a single employee at the Agency" and had "no record in higher education." Mackey Dep. [195-4] at 23. As explained by Mackey, "I was the deputy executive director. Kell was a director. They went three levels below our organizational structure to hire a white male." *Id.* at 25. Smith himself testified that, when he was appointed, he "was overwhelmed . . . and [he] was looking for help from any and all employees to understand the operations of the agency the best we could at that time." Smith Dep. [195-5] at 7. Lastly, at the time Smith was appointed Interim Executive Director, he did not meet the stated minimum qualifications. Pre-2022 Job Description [189-13] at 1 (requiring a doctorate and 8 years of experience in education). Once the qualifications were lowered, Smith became eligible to apply for the job. 2022 Job Description [189-14] at 1 (requiring only a master's degree and removing the education-experience requirement).

"Whether summary judgment is appropriate depends on numerous factors, including 'the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered.'" *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000)). Mackey's prima facie case is not disputed, he has created a fact question whether he was clearly better qualified, and he has highlighted correspondence referring to the successful White candidate as "our guy." McRight Email [196-2] at 1.[5] Viewing all this in the light most favorable to the non-movant, the

---

[5] "[S]tanding alone," this stray remark would be insufficient to overcome summary judgment. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010).

5

Court finds genuine fact issues exist regarding whether race was a motivating factor in MCCB's decision. Defendants' motion for summary judgment on the Title VII claim is denied.

B.  Official-Capacity Claims Against the Individual Defendants

Mackey also asserts violations of the Equal Protection Clause and 42 U.S.C. § 1981 by the individual defendants in their official capacities through § 1983. Am. Compl. [44] at 9. In its prior Order, the Court dismissed his official-capacity claims for monetary damages and front pay, leaving only the claim for instatement. Order [38] at 7, 8, 11.[6]

Defendants insist that instatement is not "feasible where an innocent employee, Smith, must be displaced to accomplish that relief." Defs.' Mem. [190] at 24. As explained by Judge Kristi H. Johnson,

> Instatement is not feasible when "it would require the Court to bump an innocent person out of a job to accommodate Plaintiff." *Lopez v. City of Biloxi*, No. 1:03-CV-122, 2006 WL 839523, at *7 (S.D. Miss. Mar. 29, 2006). "Indeed, the Supreme Court has cautioned against the use of a remedy that 'bumps' one employee from a position in order to fill it with the victim of discrimination." *Walsdorf v. Bd. of Comm'rs for E. Jefferson Levee Dist.*, 857 F.2d 1047, 1054 (5th Cir. 1988) (citing *Firefighters Loc. Union No. 1784 v. Stotts*, 467 U.S. 561, 579 (1983)).

*Jackson v. Duff*, No. 3:23-CV-3095-KHJ-MTP, 2025 WL 35981, at *5 (S.D. Miss. Jan. 6, 2025); see Defs.' Mem. [190] at 24 (citing *Jackson*).

Mackey did not respond to this argument; the claim is therefore considered abandoned. *See Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585 (5th Cir. 2021) (stating that claims are abandoned when party fails to substantively brief them) (citing *Cinel v. Connick*, 15 F.3d 1338,

---

[6] In his Amended Complaint, Mackey seeks "[p]rospective relief, including instatement to the position, front pay and back pay." Am. Compl. [44] at 10. The Court previously dismissed the front-pay claim as barred by the Eleventh Amendment. Order [38] at 7 (citing *Jones v. Tex. Juv. Justice Dept.*, 646 F. App'x 374, 376–77 (5th Cir. 2016)). If he is still claiming back pay, the Eleventh Amendment likewise bars back pay. *Jones*, 646 F. App'x at 377.

1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim.")). Mackey's remaining official-capacity claim against the individual defendants is dismissed.

### C.     Individual-Capacity Claims Against the Individual Defendants

Defendants next argue that Mackey "does not assert a single cause of action against the Individual Defendants in their individual capacities." Defs.' Mem. [190] at 25. They point out that the only mention of "individual capacities" is found in Mackey's description of the parties, Am. Compl. [44] at 2–3, and in his prayer for relief, *id.* at 10. Additionally, in the section titled "Cause of Action," Mackey indicates the only claims against the individual defendants are official-capacity claims. *Id.* at 9. Alternatively, Defendants argue that they are entitled to qualified immunity. Defs.' Mem. [190] at 27–30.

Mackey says little in response. Pl.'s Mem. [198] at 27 (providing half of a page of briefing as to individual-capacity claims). At most, he declares:

> The evidence shows that all of the defendants voted and/or ratified the vote to name Smith Interim Executive Director and Executive Director and there is evidence from which the jury can confer that race was a factor in their non-selection or rubbing [sic] stamping decisions made by others who participated in the decision to deny Mackey an opportunity to serve as Interim Executive Director and Executive Director.

*Id.* Nor does Mackey address qualified immunity beyond a conclusory statement. *Id.*; *see* Defs.' Mem. [190] at 27–30 (addressing qualified immunity).

Once a defendant raises the defense, "the 'plaintiff has the burden to negate the assertion of qualified immunity.'" *King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) (quoting *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009)). And a plaintiff "may not rest on mere allegations or unsubstantiated assertions but must point to *specific evidence* in the record demonstrating a material fact issue concerning each element of his claim." *Mitchell v. Mills*, 895

7

F.3d 365, 370 (5th Cir. 2018) (emphasis added) (considering summary-judgment motion raising qualified immunity).

Mackey has not met his burden. He has not pointed to specific evidence in the record in his response to qualified immunity. Pl.'s Mem. [198] at 27. And the Court has no obligation to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994); *see id.* (noting that appellants had "submitted two volumes of evidentiary material, [but] they did not identify the specific portions of such evidence (if any) that supported their . . . claim"). Defendants' motion for summary judgment as to the individual-capacity claims based on qualified immunity is granted.

IV.    Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the result. For the reasons explained above, Defendants' motion for summary judgment as to the individual-capacity and official-capacity claims against the individual defendants is granted; the motion for summary judgment as to the Title VII claim against MCCB is denied.

This matter is set for pretrial conference on August 8, 2025. The Court had suspended the deadline for motions in limine pending this ruling; the motion in limine deadline is reset for August 1, 2025. The Court recognizes that responses will not be due before the pretrial conference, but identifying the motions before the conference will still be useful.

Finally, the settlement conference set for June 27 was cancelled. The parties are encouraged to confer, determine whether a settlement conference would be productive, and advise the Court at the pretrial conference.

**SO ORDERED AND ADJUDGED** this the 25th day of July, 2025.

                                                  s/ *Daniel P. Jordan III*
                                                  UNITED STATES DISTRICT JUDGE