IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHAWN MACKEY**                                                                          **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:23-cv-00233-DPJ-ASH**

**JOHN PIGOTT;** *ET AL.*                                                 **DEFENDANTS**

## MOTION TO ENFORCE SETTLEMENT AGREEMENT

COMES NOW, Defendant, The Mississippi Community College Board ("MCCB" or "Defendant"), by and through counsel and pursuant to FED. R. CIV. P. and L. U. CIV. R., and hereby files its Motion to Enforce Settlement Agreement, and in support thereof, would show unto this Honorable Court the following, to-wit:

1. On August 8, 2025, the parties entered into a binding settlement agreement during a settlement conference held before Magistrate Judge Harris at the Thad Cochran United States Courthouse, 501 E. Court Street, Jackson, MS 39201. The parties read the material terms into the record that was agreed upon by the parties for full and final settlement of this litigation, and a transcript of same is attached hereto as Exhibit "A."

2. On August 11, 2025, this Court entered its Order of Dismissal [211], ruling that the parties "have agreed to and announced to the Court a settlement of this case", and "that all parties have an informed understanding of their rights and a full appreciation of the consequences of the settlement[.]" Further, this "Court specifically retains jurisdiction to enforce the settlement agreement[,]" and "[i]f any party fails to

comply with the terms of this settlement agreed to by all parties, any aggrieved party may reopen the case for enforcement of the settlement agreement." [211].

3. Thereafter, Defendant reduced the settlement agreement and release in writing for Plaintiff's execution. However, Plaintiff has unreasonably refused to execute the written settlement agreement and release memorializing the material terms of the August 8, 2025 settlement agreement of record. Plaintiff only disputes a payment term recited on the record that part of the settlement amount be paid subject to a Legislative budget deficit appropriation. In this regard, Plaintiff seeks to unilaterally force an additional material term and obligation on MCCB that was never agreed upon or recited on the record— *i.e.*, to guarantee funding of this settlement balance if not approved by the legislature.

4. Accordingly, Defendant respectfully asks this Court to enforce the settlement agreement entered into by the parties and read into the record on August 8, 2025, as reflected and memorialized in writing in the <u>Settlement Agreement and Release</u> attached hereto as Exhibit "B."[1] The only term in dispute, Paragraph 5(B), reflects the same material term agreed upon and made of record on August 8, 2025.

5. In support of this Motion, Defendant relies upon its supporting Memorandum Brief contemporaneously filed herewith, as well as the following exhibits attached herewith:

EXHIBIT "A" — August 8, 2025 Court Transcript of the settlement agreement.

---

[1] The Settlement Agreement and Release (Exhibit "B") is the same as the final third draft of the written settlement agreement and release (*see* Exhibit "I"), except for the date in the introductory paragraph. *Compare* Exhibit "B" *with* Exhibit "I".

2

    EXHIBIT "B" — Settlement Agreement and Release.

    EXHIBIT "C" — August 20, 2025 email from MCCB counsel to Plaintiff counsel, with attached first draft of the written settlement agreement and release.

    EXHIBIT "D" — August 22, 2025 to August 27, 2025 email chain between counsel, and attached revised second draft of the written settlement agreement and release.

    EXHIBIT "E" — September 4, 2025 email from Plaintiff counsel to MCCB counsel regarding revised written settlement agreement.

    EXHIBIT "F" — September 4, 2025 email chain between counsel scheduling teleconference regarding settlement agreement.

    EXHIBIT "G" — September 5, 2025 to September 18, 2025 email chain between counsel regarding details of settlement agreement.

    EXHIBIT "H" — September 19, 2025 to September 23, 2025 email chain between counsel regarding details of settlement agreement.

    EXHIBIT "I" — September 25, 2025 email chain between counsel, with attached revised third draft of the written settlement agreement and release.

    EXHIBIT "J" — September 26, 2025 email from Plaintiff counsel to MCCB counsel.

WHEREFORE, PREMISES CONSIDERED, Defendant MCCB respectfully moves this Honorable Court to grant this Motion and enforce the settlement agreement according to the terms agreed upon in the form attached as Exhibit "B." Defendant prays for such further and additional relief, whether legal or equitable, as appropriate in the premises.

RESPECTFULLY SUBMITTED, this the 7th day of October, 2025.

**THE MISSISSIPPI COMMUNITY COLLEGE BOARD**, *Defendant*

**LYNN FITCH, ATTORNEY GENERAL STATE OF MISSISSIPPI**

/s/ *Will Ivison*
WILLIAM C. IVISON
Special Assistant Attorney General
Mississippi Bar No. 104213

Lindsay Thomas Dowdle (MSB #102873)
Quentin A. Daniels (MSB# 10408)
Will Ivison (MSB #104213)
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
Tel.:   (601) 359-3020
        (601) 359-4242
        (601) 359-4245
Fax:   (601) 359-2003
Email: Lindsay.Dowdle@ago.ms.gov
       Quentin.Daniels@ago.ms.gov
       Will.Ivison@ago.ms.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, which has provided notice to all counsel of record.

SO CERTIFIED, this the 7th day of October, 2025.

/s/ *Will Ivison*
WILLIAM C. IVISON (MSB #104213)
Special Assistant Attorney General