IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHAWN MACKEY**                                                                            **PLAINTIFF**

**VS.**                                         **CAUSE NO. 3:23-cv-233-DPJ-ASH**

**JOHN PIGOTT, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, CHERYL THURMOND,
IN HER INDIVIDUAL AND OFFICIAL CAPACITIES,
VIDET CARMICHAEL, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, DONNIE CAUGHMAN, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, BUBBA
HUDSPETH, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, DOLLY MARASCALCO, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES, JOHNNY MCRIGHT, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, LUKE
MONTGOMERY, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, WILL SYMMES, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, DIANNE WATSON, IN HER
INDIVIDUAL AND OFFICIAL CAPACITIES, AND THE
MISSISSIPPI COMMUNITY COLLEGE BOARD**             **DEFENDANTS**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
ENFORCE SETTLEMENT AGREEMENT**

      **COMES NOW** Plaintiff Shawn Mackey, by and through his counsel of record, and files this his Response in Opposition to Defendants' Motion to Enforce Settlement Agreement, and in support thereof, would show unto the Court the following:

1. On August 8, 2025, the parties had a settlement conference to resolve the employment discrimination lawsuit pending before this Court. An agreement was reached by the parties, the pertinent terms of which were orally memorialized by the magistrate. *See* Settlement Conf. Tr., attached as Ex. "A."

2. During this conference, an agreement was reached to resolve Mackey's claims for the total sum of $250,000.00. The parties agreed to Mackey receiving $150,000.00 following the

execution of the settlement agreement as an initial payment, with the remaining balance of $100,000.00 to be paid subject to legislative approval.

3. Defendant now contends that the agreement reached between the parties will be unbroken even if the legislature does not approve to pay Mackey the remainder of the balance owed of his negotiated settlement funds. *See* Settlement Agreement Draft, attached as Ex. "B."

4. Through this language, the Defendant seeks to unilaterally include a material term which was never mutually agreed upon at the parties' settlement conference.

5. Additionally, it is substantively unconscionable for the Defendant to now insist that, if the state legislature denies the future requested budget deficit appropriation, Mackey should accept $100,000.00 less than the original agreed upon $250,000.00.

For the aforementioned reasons, which are more thoroughly explained in Plaintiff's supporting memorandum of law, Mackey respectfully submits that the Court should deny Plaintiff's Motion to Enforce Settlement Agreement.

**RESPECTFULLY SUBMITTED**, this the 11th day of November, 2025.

                                                **SHAWN MACKEY**

BY:   */s/ Lisa M. Ross*
         Lisa M. Ross (MSB 9755)
         Post Office Box 11264
         Jackson, MS 39283-1264
         Telephone: (601) 981-7900
         lross@lmross@law.com

         */s/ Ahmad R. Smith*
         Ahmad R. Smith (MSB #104595)
         A.R.Smith Law, PLLC
         Post Office Box 16392
         Jackson, MS 39236
         Telephone: (769) 208-6679

ahmad@arsmithlaw.com

**ATTORNEYS FOR SHAWN MACKEY**

## **CERTIFICATE OF SERVICE**

I, Ahmad R. Smith, do hereby certify that I have this day filed the above-and-foregoing document via the Court's ECF system, which provided an electronic copy of same to all counsel of record.

This the 11th day of November, 2025.

                                                  */s/ Ahmad R. Smith*
                                                  Ahmad R. Smith (MSB #104595)