IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHAWN MACKEY**                                                                                          **PLAINTIFF**

VS.                                                                              **CAUSE NO. 3:23-cv-233-DPJ-ASH**

**JOHN PIGOTT, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITIES, CHERYL THURMOND,
IN HER INDIVIDUAL AND OFFICIAL CAPACITIES,
VIDET CARMICHAEL, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, DONNIE CAUGHMAN, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, BUBBA
HUDSPETH, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, DOLLY MARASCALCO, IN HER INDIVIDUAL
AND OFFICIAL CAPACITIES, JOHNNY MCRIGHT, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES, LUKE
MONTGOMERY, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITIES, WILL SYMMES, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITIES, DIANNE WATSON, IN HER
INDIVIDUAL AND OFFICIAL CAPACITIES, AND THE
MISSISSIPPI COMMUNITY COLLEGE BOARD**                                            **DEFENDANTS**

**MEMORANDUM IN SUPPORT OF RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**COMES NOW** Plaintiff Shawn Mackey ("Mackey" or "Plaintiff"), by and through his counsel of record, and files this his Response in Opposition to Defendant Mississippi Community College Board's ("MCCB" or "Defendant") Motion to Enforce Settlement Agreement, and in support thereof, would show unto the Court the following:

**I. INTRODUCTION**

The parties reached a settlement agreement and orally memorialized it on August 8, 2025. During this settlement conference, the parties agreed to the relevant material terms: (1) the matter was resolved for the total sum of $250,000.00; (2) $100,000.00 of the total sum is subject to legislative approval; (3) Plaintiff would telework until he reaches twenty-five (25) years of service, upon which time he would retire; (4) Plaintiff would apply 1.5 years of his accrued leave to this

time. *See* Settlement Conf. Tr., attached as Ex. "A", 3:23-4:13. In MCCB's first written draft to Plaintiff on August 22, 2025, however, it included the following language in reference to the $100,000.00 subject to legislative approval:

> **"It is expressly understood and agreed, however, that this payment amount of the Settlement Agreement and Release is subject to authorization and funding by a budget deficit appropriation from the State Legislature. Failure of the State Legislature to fund the ONE HUNDR[ED] THOUSAND AND NO/100 DOLLARS PAYMENT *does not void* the remaining terms of this Settlement Agreement and Release. If the State Legislature does not fund the $100,000 payment, SHAWN MACKEY may not collect said amount directly from MCCB nor any MCCB Board Members.**

*See* Settlement Agreement Draft, attached as Ex. "B" at 9-10, (emphasis in original). MCCB now moves to enforce the settlement agreement, claiming that this additional material term should be enforced as part of the agreed-upon settlement on August 8, 2025.

Mackey contends that MCCB has unilaterally included a material term which was never mutually agreed upon. Its inclusion in the settlement, requiring Mackey to agree to accept $100,000.00 less than the total agreed upon $250,000.00, is substantively unconscionable. Mackey rejected several offers of less than $250,000.00 on August 8, 2025. There is nothing in the record before this Court that indicates that Mackey was willing to resolve his claim for $150,000.00 should the Legislature not fund the additional $100,000.00 Mackey is owed. For this reason, Defendant's motion should be denied.

In addition, MCCB's motion to enforce the settlement agreement as it was written and presented in Defendant's proposed Settlement Agreement and Release, should be denied because it seeks to shield the settlement from Mississippi taxpayers.

## II. FACTUAL BACKGROUND

On August 8, 2025, the parties attended a settlement conference, which orally

2

memorialized the material settlement terms. On August 22, 2025, counsel for MCCB emailed the first draft of the agreement, including the additional term enumerated above. That same day, counsel for Mackey rejected this additional term. Specifically, Mackey's rejection stated the following:

> Please add language to the settlement agreement that provides that MCCB still will be liable for the remaining $100,000.00 even if the Legislature does not fund the agency's request for the $100,000.00. "Should the budge[t] deficit appropriation not be approved by the State Legislature, Mackey's personal leave/time will be restored and the requirement to leave MCCB will be extended to 25 years of service and MCCB will pay Mackey $25,000.00 in annual payments over a four-year period from MCCB's annual budget."

*See* Ex. "D" to Doc. 214.

This rejection preserved Mackey's entitlement to a full payment of $250,000.00 as agreed to during the settlement conference. MCCB rejected Mackey's countered revisions, claiming that it could not include the requested language and this was "clearly discussed when we met in the witness room prior formalizing the terms on the record." While the parties did discuss the political process for budget appropriation in that room, and how it would potentially play out with respect to the remaining settlement proceeds, Mackey never agreed to accept less than $250,000.00 in the event the Legislature did not approve the remaining $100,000.00.

On September 4, 2025, Mackey's counsel reiterated its rejection of MCCB's additional language and again countered with language that would fully preserve Mackey's $250,000.00 payment. On September 5, 2025, the parties scheduled a conference call, resulting in an email summary from Mackey's counsel. The email does not include an acceptance of MCCB's terms, but merely a recitation of the phone discussion. *See* Ex. "F" to Doc. 214.

On September 19, 2025, Mackey agreed to the terms ***previously*** reached by the parties. *See* Ex. "H" to Doc. 214, (no emphasis in original). On September 25, 2025, MCCB sent a final

revised settlement agreement, which again included the rejected additional term. On September 26, 2025, counsel for Mackey again rejected the term stating:

> "I know we have discussed ad nauseum how unlikely or improbable it is that the State Legislature will not approve the additional $100,000 settlement payment. The Release as fashioned, however, leaves him without any assurance that the entirety of the sum the parties agreed upon to settle this dispute will ever be satisfied by the Defendants. **The legislative process could allow MCCB to circumvent fulfilling their end of the bargain.**"

*See* Ex. "J" to Doc. 214, (emphasis added).

### III. LEGAL STANDARD

"[F]ederal courts possess the inherent power to enforce agreements entered into settlement of litigation," but "the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." *Sundown Energy, L.P. v. Haller*, 773 F.3d 606, 611 (5th Cir. 2014). Under Mississippi law, settlement agreements are favored. *Chantey Music Pub., Inc. v. Malaco, Inc.*, 915 So. 2d 1052, 1055 (Miss. 2005). Therefore, Mississippi courts will ordinarily "enforce the agreement which the parties have made, absent any fraud, mistake, or overreaching." *Id.*

"In order for there to be a settlement there must be a meeting of the minds." *Parmley v. 84 Lumber Co.*, 911 So. 2d 569, 572 (Miss. Ct. App. 2005). The agreement can be made by the parties or their attorneys. *Id.* The party seeking to enforce the settlement agreement "must prove by a preponderance of the evidence that there was a meeting of the minds." *Id.* The Court will not "rewrite" settlement agreements "to satisfy the desires of either party." *Chantey Music*, 915 So. 2d at 1056. This Court has found that "[a]ny additional terms in the settlement agreement or terms inconsistent with the agreement in the record are not material to the agreement and are

4

unenforceable." *Estate of Alexander v. DLJ Mortgage Capital, Inc.*, 2017 WL 9512369, at *2 (S.D. Miss. Aug. 28, 2017).

## IV. ARGUMENT

### A. MCCB attempts to enforce an additional material term that was never agreed upon by the parties and could void previously agreed-upon terms.

Mackey agrees that the terms of the settlement agreement may be enforced based upon the terms agreed upon in the August 8 settlement conference. However, MCCB improperly frames the additional term offered in the August 22, 2025, draft of the settlement agreement as a material term agreed to during the settlement conference. MCCB's assertion is contrived.

The term limiting MCCB and the individual board members' liability was only proposed in the draft sent *after* the parties had orally agreed to the material settlement terms. Ex. B at 9-10. MCCB should not be allowed to enforce a term that Mackey was never aware of and simply did not agree to during the settlement conference.

The nine-page settlement conference transcript is devoid of any reference to Mackey's inability to recover funds from MCCB or its individual members should the State Legislature fail to approve the $100,000.00 in settlement funding. In its briefing, MCCB appears to argue that its sole obligation is payment of $150,000.00 from its own funds and to request that the Legislature appropriate the remaining $100,000.00. [Doc. 214 at 14-15]. MCCB certainly cannot point this Court to anything in the record that demonstrates that Mackey agreed to accept anything less than $250,000.00 to resolve his claims. MCCB seeks to include a material term that was not agreed to by Mackey and is unenforceable. *See Schmidt v. Sidibe*, No. 2:18-CV-164-KS-MTP, 2019 WL 13293259, at *1 (S.D. Miss. Oct. 30, 2019) (quoting *Estate of Alexander*, at *2).

More importantly, the inclusion of this term potentially voids the parties previously agreed-upon term that the matter is resolved for $250,000.00. Practically speaking, by limiting MCCB's

5

liability from payment if the State Legislature does not approve the deficit, MCCB is also potentially limiting Mackey to a single $150,000.00 payment—a far cry from the $250,000.00 agreed to by the parties. Two key elements of Mississippi contract formation are mutual assent and a sufficiently definite agreement. *See Bowles v. OneMain Financial Group, L.L.C.*, 954 F.3d 722, 726 (quoting *Adams Cmty. Care Ctr., LLC v. Reed*, 37 So, 3d 1155, 1158 (Miss. 2010)) (outlining the elements of a valid Mississippi contract). As the parties never reached a meeting of the minds (mutual assent) regarding this material term, and the true payout term is not sufficiently definite, the settlement contract as drafted is presently unenforceable.

**B. The proposed settlement agreement is substantively unconscionable and therefore unenforceable.**

To determine whether a contract is substantively unconscionable, the Court must "look within the four corners of an agreement in order to discover any abuses relating to the specific terms which violate the expectations of, or cause gross disparity between, the contracting parties." *Nationwide Mutual Fire Ins. Co. v. Interface Security Systems, LLC*, 655 F.Supp.3d 486, 502 (S.D. Miss. 2023) (citing *Caplin Enterprises, Inc. v. Arrington*, 145 So. 3d 608, 614 (Miss. 2014)). Under Mississippi law, contract clauses that limit liability are given strict scrutiny by the court and are not to be enforced unless the limitation is fairly and honestly negotiated and understood by both parties. *Lyndon Property Ins. Co. v. Duke Levy and Assocs., LLC*, 475 F.3d 268, 272 (5th Cir. 2007) (citing *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.,* 857 So. 2d 748, 754 (Miss. 2003)).

To counter MCCB's arguments, the record simply does not provide any term or agreement inconsistent with any obligation for MCCB to guarantee funding of the part of the settlement subject to Legislative approval ($100,000.00). *See* Doc. 214 at 15. The fact that MCCB is incapable of further payout from its current budget should not destroy Mackey's ability to collect altogether if the Legislature does not approve. Indeed, the request for funding from the budget deficit was

only considered because MCCB did not have the remaining $100,000.00 available in its account. This indicates that MCCB is aware of its liability for the full $250,000.00 settlement.

Foundationally, the parties agreed to a settlement in the amount of $250,000.00. This entitles Mackey to a payment of $250,000.00 on behalf of MCCB *regardless* of the source. MCCB's own representative, John Pigott, acknowledged that he understood the material terms of the settlement. Ex. A, 7:3-10. This meant that MCCB and its counsel are fully aware of Mackey's entitlement to full payment of $250,000.00.

The term at issue potentially devolves Mackey's recovery under the settlement to only $150,000.00, as opposed to the $250,000.00 the parties negotiated in good faith. MCCB attempts to limit its liability when, if the State Legislature does not approve the settlement, Mackey has no other party able to provide him the agreed-upon recourse. "Substantive unconscionability occurs when the terms of the agreement are so one-sided that no one in his right mind would agree to its terms." *Cooper Tire & Rubber Co. v. Farese*, 423 F. 3d 446, 458 (5th Cir. 2005) (quoting *West v. West*, 891 So. 2d 203, 213 (Miss. 2004)). A term that potentially allows MCCB to circumvent its liability for the full $250,000.00 with no other method for recovery is certainly so one-sided that no party would agree to it. Mackey does not oppose funding from the State Legislature's deficit approval, but that conditional approval should not be his one and only option for agreed-upon payment. More importantly, Mackey never agreed to MCCB's limitation on its liability, so it cannot now attempt to enforce that limitation.

Lastly, MCCB's proposed settlement agreement includes language that could infringe on Mackey's ability to discuss the details of this case and its resolution. *See* Mackey confidential Settlement Agreement Draft, attached as Ex. "B" at 9, ¶1 (stating that Mackey will receive a cash payment check within thirty (30) days of MCCB receiving the "fully executed *Confidential*

Settlement Agreement and Release [emphasis added]). Confidentiality was not negotiated as a mandate during the parties' settlement conference and counselors for both parties agreed to the exclusion of this requirement during *pre-motion* discussions aimed at finalizing an agreement. Consequently, the use of the term here may be inadvertent and not intended to place upon Mackey a privacy directive not approved by the parties and sanctioned by the Court. In the event, however, that it is intentional, Mackey submits that he should not be forced into a nondisclosure stipulation prior to receiving the entirety of his settlement funds. As noted, this condition was not part of the discourse at the parties' settlement conference and not a confirmed element of the agreement. Moreover, shielding this information cuts against the Court's practice of prohibiting the unwarranted placement of secrecy to judicial records from the public. *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021) (reasoning that "[t]he secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure."). This position taken by the Fifth Circuit is especially relevant where the Defendant is a publicly-funded entity like MCCB. MCCB has not rebutted the presumption of openness becoming countervailing.

## V.  CONCLUSION

For the reasons stated above, Mackey respectfully requests that this Court deny Defendant MCCB's Motion to Enforce Settlement Agreement.

**RESPECTFULLY SUBMITTED**, this the 4th day of November 2025.

                                                      **SHAWN MACKEY**

BY:   **/s/ Lisa M. Ross**
         Lisa M. Ross (MSB 9755)
         Post Office Box 11264
         Jackson, MS 39283-1264
         Telephone: (601) 981-7900
         lross@lmross@law.com

/s/ *Ahmad R. Smith*
Ahmad R. Smith (MSB #104595)
A.R.Smith Law, PLLC
Post Office Box 16392-9998
Jackson, MS 39236
Telephone: (601) 594-5901
ahmad@arsmithlaw.com

**ATTORNEYS FOR SHAWN MACKEY**

## **CERTIFICATE OF SERVICE**

I, Ahmad R. Smith, do hereby certify that I have this day filed the above-and-foregoing document via the Court's ECF system, which provided an electronic copy of same to all counsel of record.

This the 4th day of November, 2025.

                                               */s/ Ahmad R. Smith*
                                               Ahmad R. Smith (MSB #104595)